**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James L. KINGTON and Don Earney,
Defendants–Appellants.**

No. 87–1375.

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1988.

Ben L. Krage, Dallas, Tex., for Kington.

Thomas M. Richards, Dallas, Tex., Jack Bryant, East, Abilene, Tex., for Don Earney.

Sidney Powell, William F. Alexander, Dallas, Tex., and J. Michael Worley, Fort Worth, Tex., Asst. U.S. Attys., for plaintiff-appellee.

Before CLARK, Chief Judge, BRIGHT,* and GEE, Circuit Judges.

* Circuit Judge of the Eighth Circuit, sitting by designation.

CLARK, Chief Judge:

## I.

The issue raised in this case is whether James Kington and Don Earney waived their rights afforded by the double jeopardy clause. We hold that they did waive their rights.

## II.

Kington and Earney were charged with numerous counts of criminal conduct, including misapplication of bank funds and falsifying loan applications. They filed a pretrial motion to suppress certain bank records. Rather than ruling immediately, the court did not consider the motion until after a jury had been selected and sworn.

During the hearing on the motion the following discussion occurred:

THE COURT: Now, I discussed with you gentlemen the proposition of the dilemma I find myself on double jeopardy. In the event—I am not making a ruling here, but I am leaning that way—that I were to supress this evidence, would the defendants be in a position to waive any claim of double jeopardy in case my ruling were reversed?

MR. ALEXANDER:[1] May it please the court, may I address something? I direct your attention to Title 18, § 3731, which provides that no order of suppression or dismissal can be appealed by the government if jeopardy has attached or if there is a question of double jeopardy.

THE COURT: Well, that is the reason I am trying to get rid of that question.

MR. ALEXANDER: Yes, sir.

THE COURT: Because I think—listen, I think the government ought to have a right of appeal if I go against you, and I think they ought to have it if I go with you. There is no question. I want to be sure that this is an appealable order, and that is the reason I am asking them if they are going to waive their right....

. . . .

MR. KRAGE: I speak for Mr.—the defendant, Mr. James L. Kington, Your

Honor. I can tell you that the defendant, Mr. Kington, is willing to, in response to your—to a possible order that would be favorable on the motion, that if such an order is made by the court suppressing evidence in this case or, alternatively, dismissing this case because of abuse of grand jury process, that Mr. Kington will waive his double jeopardy claim if the government has an appropriate vehicle to appeal, they do decide to appeal, and this waiver is only if they do appeal, not for reindictment, Your Honor, only if they do appeal this ruling, and I want to make that clear.

THE COURT: Well, and the appeal—my ruling would have to be reversed, of course.

MR. KRAGE: Of course. If it is reversed and remanded for trial, we waive the issue of double jeopardy as a result of the second trial to the extent that any jeopardy may have already attached from the impaneling of this jury, and this waiver is made knowingly, intelligently, and freely.

THE COURT: Mr. Kington, do you agree with this?

MR. KINGTON: Yes, Your Honor.

THE COURT: Counsel on behalf of plaintiff Earney?

MR. RICHARDS: On behalf of Mr. Earney, may it please the court. I would state to the court that I have discussed this particular issue with Mr. Earney concerning double jeopardy and have explained that to him, that I would concur in the stipulation of the co-counsel, Mr. Krage, and that we would waive double jeopardy in this particular situation if the court so—would that be your testimony Mr. Earney?

MR. EARNEY: Yes, Sir.

THE COURT: Mr. Earney, do you agree with the waiver?

MR. EARNEY: Yes, sir.

THE COURT: I don't mean to imply that double jeopardy will attach. I am not sure whether it does or not. The jury was sworn, and there are some

---

1. Mr. Alexander represented the United States.

cases holding that is when jeopardy attaches.

MR. ALEXANDER: They do.

THE COURT: But now my understanding is, clear understanding is, that neither of these defendants will claim that they can't be tried in this case in the event that I rule suppressing the evidence and an appellate court reverses that ruling.

MR. RICHARDS: Yes, sir.

MR. KRAGE: Yes, Your Honor.

MR. ALEXANDER: Now, Your Honor, the government is not satisfied with the record on that, because they might discharge these lawyers and get lawyers in who would claim that they did not knowingly and understandably waive whatever right they had.

THE COURT: I don't know how we can explain it. Both of them are right here and adopted the statements of their lawyers, and when I went a little further into it, they agreed with me.

The court then granted the motion to suppress.

THE COURT: Now, in view of that, I presume the government would rather appeal this than try to go forward with the trial next Monday, if all this is suppressed, am I correct?

MR. ALEXANDER: Yes, Your Honor, it would be pointless to go into—

THE COURT: We need an appellate—

MR. ALEXANDER: Yes, sir.

THE COURT: We need an appellate review.

At the conclusion of the hearing, the court discharged the jury, and three weeks later entered the suppression order.

On appeal from the suppression order, the Fifth Circuit held that it had jurisdiction because "the government did not appeal from a ruling made 'after the defendant was put in jeopardy and before the verdict' within the meaning of [18 U.S.C. § 3731]."[2] *United States v. Kington,* 801 F.2d 733, 736 (5th Cir.1986). The government's appeal did not interrupt an ongoing trial because "the government appeals from the district court's suppression order that was entered three weeks after the district court had ended the trial by discharging the jury." *Id.* at 735. After finding jurisdiction to entertain the appeal, this court overturned the district court's suppression order. *Id.* at 736–38.

On remand, Kington and Earney filed a motion to dismiss the indictment arguing that to proceed with a trial would subject them to double jeopardy. The district court denied the motion because they had waived their rights. Kington and Earney appeal.

### III.

Kington and Earney contend that they each made a conditional and limited waiver that does not apply to the facts of this case. First, they argue that the Fifth Circuit's prior holding permitting the government to appeal under § 3731 did not constitute a comprehensive finding that bars all double jeopardy claims. They maintain that the court was merely required to determine whether a jury had been impaneled and that it held that an ongoing trial was not interrupted for purposes of § 3731 because the suppression order was not entered until three weeks after discharge of the jury.

Second, Kington and Earney contend that their waivers were intended to apply only to a retrial necessitated by termination of the first trial due to an appeal by the government. They note that this court held that the district court dismissed the jury prior to entering the suppression order. *Kington,* 801 F.2d at 736. Consequently, they argue that the government's

**2.** This statute provides:

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

18 U.S.C. § 3731 (Supp.1987).

appeal did not terminate the trial and their waiver therefore does not apply.

 We disagree with both of these contentions. The first contention makes little sense. Kington and Earney would have us hold that this court's earlier decision found that we had jurisdiction to entertain the appeal, but when we reversed the suppression order the case could not be remanded for retrial without violating the double jeopardy clause. This argument flies in the face of plain language from the panel opinion:

> In considering the motion [to suppress], the judge apparently decided to strike a compromise: he would terminate the trial and grant the motion on condition that the defendants waived any claim of double jeopardy in the event his ruling was reversed on appeal by the government. Although the judge and all parties contemplated that the government would appeal, the government did not initiate the compromise which resulted in the discharge of the jury. It was the judge who waited until after trial had commenced to rule on the government's pretrial motion, and it was the judge who discharged the jury after obtaining the waiver of jeopardy to permit the government's appeal.

*Id.* at 735–36. At the beginning of the opinion the court also wrote that "[t]he ruling was made after selection and swearing of the jury, the defendants having waived their right to object on double jeopardy grounds to a new trial." *Id.* at 734.

 Kington and Earney's second contention hinges upon a stilted interpretation of the waivers. Kington and Earney focus on the following language to support their construction: "Mr. Kington will waive his double jeopardy claim if the government has an appropriate vehicle to appeal, they do decide to appeal, and this waiver is only if they do appeal, not for reindictment." They now claim that this statement was intended to establish that the waiver would apply only if the government had no right to appeal. Considered in context, this in-

terpretation is unreasonable. Mr. Krage followed this statement with the positive assurance that "[i]f it [this case] is reversed and remanded for trial, we waive the issue of double jeopardy as a result of the second trial to the extent that any jeopardy may have already attached from the impaneling of this jury." Kington, Earney's counsel and Earney all agreed with this stipulation. The district court's discharge of the jury did not alter the effect of their waivers.

Kington and Earney's present contention that their waivers were limited to whether the government could properly take an appeal at a time when they thought that the government had no right to appeal borders on sophistry; it is neither reflected in the record of the first trial nor in this court's ruling with regard to the first appeal. The parties are bound by the terms of their waiver.[3] The judgment appealed from is

AFFIRMED.

---

3. We express no view on whether, in the absence of waiver, the double jeopardy arguments raised by Kington and Earney would have merit.